G. GENGE BROWNING ET AL. v. THE TOWNSHIP OF PEN-
SAUKEN ET AL.

Argued November 11, 1907—Decided February 24, 1908.

1. Under section 93 of "An act concerning townships," approved
   March 24th, 1899 (*Pamph. L.*, *p.* 412), no *certiorari* will be
   allowed to set aside an ordinance or resolution for a public im-
   provement in a township after thirty days shall have elapsed
   from the date of the adoption of such ordinance or resolution.
2. This court will not allow a writ of *certiorari* to review an ordi-
   nance of a township granting permission to an adjoining borough
   to lay sewer pipes in a highway of the township merely because
   a taxpayer anticipates that a privilege reserved to the township
   to connect a sewer system of its own with the system of the
   borough, if the township shall determine so to do within five
   years, will work an injury to the taxpayer in the absence of any
   affirmative action on the part of the township indicating a pur-
   pose to avail itself of its option.

On application for a writ of *certiorari*.

Before Justices SWAYZE and TRENCHARD.

For the motion, *Herbert A. Drake*.

For the township of Pensauken, *Harvey F. Carr*.

For the borough of Merchantville, *William Early* and *Car-
row & Kraft*.

The opinion of the court was delivered by

TRENCHARD, J. This is an application for a writ of *cer-
tiorari* by taxpayers of the township of Pensauken to review
an ordinance of the township granting permission to the bor-
ough of Merchantville to construct and maintain sewers in
the township, and also to review an agreement relating thereto
between the borough and the township.

It appears that it became necessary for the borough of Merchantville to dispose of its sewage, and for such purpose to acquire by condemnation lands lying in Pensauken township for a disposal plant. Its right to establish such a plant is found in section 87 of the Borough act of 1897 (*Pamph. L., p.* 327) ; its right to take the land by condemnation was decided by this court in *Philadelphia Trust Co.* v. *Merchantville,* 46 *Vroom* 451.

In order to construct a sewer from the boundary line of the borough to the disposal site, it was necessary to lay pipes in a public highway in part in Pensauken township.

The township granted permission for such purpose by ordinance, by the terms of which the right was given to property owners abutting on the sewer to connect therewith upon the same conditions as property owners in the borough. It further required of the borough an ascertainment, in the form of a contract, of the terms upon which the township might connect any sewer thereafter to be built within five years with the borough's outlet sewer.

The authority for the contract last referred to is found in section 81 of the Borough act (*Pamph. L.* 1897, *p.* 324; amended *Pamph. L.* 1901, *p.* 401), and sections 70 and 71 of the Township act (*Pamph. L.* 1899, *p.* 400), and the agreement entered into seems to conform to the requirements of the statutes.

It appears therefore that the township of Pensauken was authorized by law to contract with the borough of Merchantville for the "right to use" its sewer system "on such terms as may be agreed upon," and by the terms of the contract the township "shall have the right to connect any system of sewers which may hereafter be built in the township of Pensauken with the system of sewers now proposed and about to be constructed in the borough of Merchantville, and have the right to connect at such point or points as may be determined by township engineers, and to use such sewers of the said system of Merchantville as shall be necessary for an outlet to the disposal plant of the borough hereafter to be built," upon terms in the contract stated.

The fact that the ordinance provides for connection by abutting owners and that the contract contains terms upon which the township may obtain an outlet for its system if built and if desired seem not to render either illegal. The abutting property connects at the expense of the owner thereof, and the township has merely acquired the option of connecting for the purpose of outlet to the disposal plant, upon terms which seem just, if within five years it determines so to do. It will be observed that it is under no obligation to avail itself of its contract rights.

We perceive no evidence of fraud. The fact that this motion is resisted by the township as well as the borough seems to indicate that the township received all that it intended to get, viz., a contract enforceable against the borough but which would leave the township open to accept or refuse at its option.

A conclusive reason why the ordinance and resolution adopting the contract cannot now be reviewed by *certiorari* is that the application comes too late.

Section 93 of "An act concerning townships," approved March 24th, 1899 (*Pamph. L., p.* 412), provides that "no *certiorari* or injunction shall be allowed or granted to set aside any ordinance or resolution for any public improvement in any township or to restrain action thereunder after thirty days shall have elapsed from the date of the adoption of such ordinance or resolution."

The ordinance and resolution under consideration relate to a public improvement in the township and more than thirty days have elapsed since its adoption.

Moreover the injury anticipated is the additional burden to taxpayers by reason of the township availing itself of its rights under the ordinance and contract. But the ordinance and contract are preliminary only and give the township merely a privilege. Taxpayers cannot be injured until the township avails itself of its rights thereunder, which may never be.

This court will not allow a writ of *certiorari* to review an ordinance of a township granting permission to an adjoining borough to lay sewer pipes in a highway of the township

merely because a taxpayer anticipates that a privilege reserved to the township to connect a sewer system of its own with the system of the borough, if the township shall determine so to do within five years, will work an injury to the taxpayer, in the absence of any affirmative action on the part of the township indicating a purpose to avail itself of its option.

So to hold puts this case in accord with *Harrison* v. *Sloan,* 1 *Halst.* 410; *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286; *Gaslight Company* v. *Rahway,* 29 *Id.* 510; *Hamblet* v. *Asbury Park,* 32 *Id.* 502; *Essen* v. *Secretary of State,* 43 *Id.* 432.

The result is the writ of *certiorari* is denied, with costs.